```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      HATTIESBURG DIVISION
```

RICHARD ANTHONY SIMONEAUX, #T7765                           PLAINTIFF

VERSUS                             CIVIL ACTION NO. 2:10-cv-307-KS-MTP

JOY ROSS, NINA ENLERS,
HUBERT DAVIS, RONALD KING
and JACKIE WILLIAMS                                         DEFENDANTS

## OPINION and ORDER

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. The plaintiff, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Joy Ross, Nina Enlers, Hubert Davis, Ronald King and Jackie Williams. The plaintiff is requesting that the Rules Violation Report which is the basis of this civil action be removed from his prison record and that the defendants be properly trained.

## Background

The plaintiff complains that he was given a Rules Violation Reports (RVR) #1057958 charging him with "pursuing or developing a relationship that is unrelated", specifically "handwriting sexual explicit statement on a offender request form." Comp. [1-1] at p. 4. At the disciplinary hearing, plaintiff argues that he did not write the statements. However, he was found guilty at the disciplinary hearing resulting in all his privileges, except exercise, being restricted for 60 days from August 26, 2010, to October 24, 2010.

The plaintiff further contends that on August 25, 2010, the canteen policy was violated when he did not receive the items he had paid for prior to being found guilty of the RVR. According to the complaint, he later received the canteen items on September 3, 2010.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, § 1915(e)(2)applies to the instant case. As discussed below, the plaintiff's § 1983 action is frivolous because it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484

(1995).  The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner.  <u>Id.</u> at 478.  The United States Court of Appeals for the Fifth Circuit has found that privileges being revoked do not implicate due process concerns and "do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."  <u>See</u> <u>Madison v. Parker</u>, 104 F.3d 765, 767-68 (5th Cir. 1997); <u>see</u> <u>also</u> <u>Malchi v. Thaler</u>, 211 F.3d 953, 958 (5th Cir. 2000); <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995); <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995).

As for the plaintiff's claims that the MDOC policy and procedure were violated when he did not receive his canteen as scheduled, this court finds this claim does not rise to a level of constitutional deprivation.  "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process . . .."  <u>See</u> <u>Myers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir. 1996); <u>Giovanni v. Lynn</u>, 48 F.3d 908, 912 (5th Cir. 1995);  <u>Murphy v. Collins</u>, 26 F.3d 541, 543 (5th Cir. 1994); <u>Hernandez v. Estelle</u>, 788 F.2d 1154, 1158 (5th Cir. 1986).

Finally, the plaintiff does not have a constitutionally protected right in a certain custody classification or being housed in a particular facility.  <u>See</u> <u>Meacham v. Fano</u>, 427 U.S. 215 (1976); <u>see</u> <u>also</u> <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995)(a prison inmate does not have a protectable liberty

interest in his custodial classification); McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir. 1990)(citations omitted)(classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention."); Tubwell v. Griffith, 742 F.2d 250 (5th Cir. 1984)(The United States Court of Appeals for the Fifth Circuit has held that the Mississippi state classification statues, Mississippi Code Annotated §§ 47-5-99 to 47-5-103 (1972), do not create an expectation of any particular classification.).  Therefore, he cannot maintain the instant civil action concerning the review of his custody classification.

## Conclusion

As stated above, the plaintiff's allegations do not implicate due process concerns or a constitutional deprivation.  Therefore, the instant civil action will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and will count as a strike pursuant to 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion and order will be entered.

THIS the 6th day of April, 2011.

                                               *s/Keith Starrett*
                                               UNITED STATES DISTRICT JUDGE